IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIE WEST,**

      **Plaintiff,**

      **v.**

**UNITED STATES OF AMERICA,**

      **Defendant.**

Case No. 14-20094-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Defendant Willie D. West's Motion for an Extension of Time to File a Notice of Appeal (Doc. 72).  Because the Court finds that Defendant has failed to show excusable neglect or good cause for failure to timely file a notice of appeal, the Court denies Defendant's motion.

On October 25, 2016, the Court entered judgment as to Defendant, which subjected him to imprisonment for a term of 48 months.[1]  Under Federal Rules of Appellate Procedure 4(b)(1)(A), Defendant was required to file a notice of appeal within fourteen days after entry of judgment on the docket, which would have been November 8, 2016.  Defendant filed his motion for extension of time to file the notice of appeal with this Court on November 21, 2016.

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) states that "a defendant's notice of appeal must be filed in the district court within 14 days . . . (i) the entry of either the judgment or the order being appealed."  But Rule 4 also states:

> Upon a finding of excusable neglect or good cause, the district court may —
> before or after the time has expired, with or without motion and notice— extend

---

[1] Doc. 70.

the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).[2]

Defendant asks the Court to excuse his failure to timely file a notice of appeal and grant him an extra thirty days past his November 8, 2016 deadline, to file his notice, thereby making the deadline December 8, 2016. The Court notes that it is not relevant to the motion that Defendant filed it on November 21, 2016, which was after his November 8, 2016 deadline to file his notice of appeal, because this motion was filed within the thirty days from November 8, 2016.

Defendant's argument for why the Court should find excusable neglect or good cause is based on (1) his incarceration, (2) limited access to the law library and materials, and (3) the celebration of Veterans Day during the notice of appeal period.

First, looking to whether Defendant has shown excusable neglect, the Court examines four factors: (1) the danger of unfair prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in bad faith.[3] "[F]ault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable."[4]

Here, the second and fourth factors favor Defendant. Specifically, the delay is not significant and the facts do not suggest that Defendant acted in bad faith. However, the first and third factors weigh against finding excusable neglect. Because Defendant waived his right to appeal in his plea agreement, the Government is arguably burdened by this appeal.[5] The third

---

[2] Fed. R. App. P. 4(b)(4).

[3] *Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship,* 507 U.S. 380, 395 (1993).

[4] *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Nat'l Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994)).

[5] *United States v. Chavez*, 17 F. App'x 847, 848 (10th Cir. 2001); Doc. 61 at 6–7 ("The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter . . . .").

factor —the reason for delay—defeats the argument altogether.  The reason for delay was his incarceration and limited access to resources for filing his notice of appeal.  Even though Defendant is proceeding *pro se*, many prisoners file timely notices of appeal with similar access to the law library and materials.  Such an inconsequential reason as lack of access to the law library could be asserted in almost every prisoner's case, and if found, would trivialize the excusable neglect standard.

Second, turning to whether Defendant has shown good cause, the Tenth Circuit has stated that the "good-cause standard applies only where 'the need for an extension results from forces outside the control of the movement.'"[6]  As the Court mentioned above, it was within Defendant's control the amount of access he had to the library.  At sentencing, he was apprised of the requirement that a notice of appeal must be filed within fourteen days of the entry of judgment.  He failed to comply with that deadline.  There is no good cause that has been shown.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Extension of Time to File an Appeal (Doc. 72) is **denied**.

**IT IS SO ORDERED.**

Dated: November 28, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[6] *Goldwyn v. Donahoe*, 562 F. App'x 655, 657–58 (10th Cir. 2014) (quoting *Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir.2007)).